IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DARRYL L. WEBER,                )
                                )
                   Plaintiff,   )
                                )
v.                              )   No. 13-0396-CV-W-FJG
                                )
FISHER ELECTRIC COMPANY, et al., )
                                )
                   Defendants.  )

**ORDER**

Pending before the Court are (1) Defendant Kiewit's Motion to Dismiss (Doc. No. 15); (2) Defendant Winchell's Motion to Dismiss (Doc. No. 18); (3) Defendant Gavin Seeley's Motion to Dismiss (Doc. No. 23); and (4) Plaintiff's Request for Dismissal Without Prejudice (Doc. No. 27). All are considered, below.

**I.    Background**

Plaintiff filed a motion for leave to proceed in forma pauperis on April 22, 2013, and on April 26, 2013, the Court entered its Order granting plaintiff leave to proceed in forma pauperis. Plaintiff's complaint was filed on April 26, 2013.

Plaintiff names five defendants in his complaint: Fisher Electric Company, Tom Furman, Gavin Seeley[1], Kiewit Power Constructors Co.[2] (hereinafter "Kiewit"), and Brian Winchell. See Doc. No. 6. Plaintiff generally alleges a complaint under Title VII for race discrimination and retaliation for previous complaints being filed. Plaintiff's

---
[1] Although plaintiff spells Mr. Seeley's last name "Sealy" in the complaint, Mr. Seeley's counsel has spelled his name "Seeley" in all filings with the Court.
[2] Defendant Kiewit indicates in its motion to dismiss (Doc. No. 15) that plaintiff incorrectly named it in the complaint as "Kiewit Industrial Co."

1

charge of discrimination filed with the EEOC on September 6, 2012 (Doc. No. 6, p. 5) indicates that the earliest date the discrimination took place was April 10, 2012, and that the discrimination is continuing.  In the notice of right to sue attached to plaintiff's complaint (Doc. No. 6, p. 4), the EEOC indicated that it believed plaintiff's "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge."

On July 18, 2013, defendant Kiewit filed its motion to dismiss (Doc. No. 15), indicating plaintiff failed to exhaust administrative remedies because he did not file a timely charge of discrimination with the EEOC.  Kiewit further indicates plaintiff failed to sufficiently plead facts which would lead Kiewit to be liable under Title VII.

On July 22, 2013, defendant Brian Winchell filed a motion to dismiss, indicating that (1) Title VII does not permit recovery against individuals, and (2) plaintiff failed to exhaust administrative remedies because he did not file a timely charge of discrimination.  See Doc. No. 18.

On July 25, 2013, defendant Gavin Seeley filed a motion to dismiss (Doc. No. 23), indicating that plaintiff's claims against him fail as recovery against an individual is not available under Title VII as a matter of law.

On July 25, 2013, defendant Fisher Electric Company filed an answer to plaintiff's complaint (Doc. No. 22).  Defendant Tom Furman has not answered plaintiff's complaint; his answer was due on or before June 4, 2013.

On August 2, 2013, plaintiff filed a "Request for Dismissal Without Prejudice (Doc. No. 27), indicating, in full, as follows:  "I would like to dismiss this case at this time, until I can obtain legal counsel to reserve my civil right [sic] from being violated

2

once again, as in the previous four cases I have filed. Without representation [sic]." Doc. No. 27.

II.     **Standard**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Factual allegations in the complaint must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678.

III.    **Analysis**

The Eighth Circuit has repeatedly held there is no individual liability under Title VII, which only applies to an "employer," and "labor organization," or a "joint labor-management committee." See McCullough v. University of Arkansas for Medical Sciences, 559 F.3d 855, 860 n.2 (8th Cir. 2008); Schoffstall v. Henderson, 223 F.3d 818, 821 n. 2 (8th Cir. 2000); Bales v. Wal-Mart Stores, Inc., 143 1102, 1111 (8th Cir. 1998). Therefore, the motions to dismiss filed by defendants Seeley (Doc. No. 23) and Winchell (Doc. No. 18) must be **GRANTED**.

Furthermore, under Title VII, there are two jurisdictional prerequisites to a federal action: (1) the employee must file timely charges of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and (2) the employee must receive and act upon the Commission's statutory notice of the right to sue. McDonnell

3

Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). Defendants Winchell and Kiewit move to dismiss because plaintiff did not file a timely charge of discrimination, as the EEOC already made a finding that plaintiff's charge was untimely. See Complaint, Doc. No. 6, p. 4. Plaintiff files no response to this argument[3], and the Court therefore finds that plaintiff's claims were not timely raised with the EEOC.

Finally, defendant Kiewit argues that plaintiff's claims against it do not rise above the speculative level. Plaintiff does not allege that Kiewit was his employer or that Kiewit retaliated against him in regard to his employment. Instead, Kiewit argues that plaintiff's sole allegation is that his apprenticeship was cancelled, and that plaintiff does not provide any information as to how Kiewit violated his rights. Therefore, Kiewit argues that plaintiff has pled no facts sufficient to state a claim against it under Title VII. Again, plaintiff fails to respond to Kiewit's assertions, and upon independent review of the complaint and the relevant law, the Court finds that plaintiff has failed to state a claim against Kiewit under Title VII.

Therefore, for the foregoing reasons, (1) Defendant Kiewit's Motion to Dismiss (Doc. No. 15) is **GRANTED**; (2) Defendant Winchell's Motion to Dismiss (Doc. No. 18) is **GRANTED**; and (3) Defendant Gavin Seeley's Motion to Dismiss (Doc. No. 23) is

---

[3] Plaintiff has filed an "Objection not Any Request by Defendant" (Doc. No. 28), which essentially states that he objects to any of defendants' requests, and then lists the following: "Discrimination; Who is Protected; Which Employers; Time Constraints; 1. Contract, 2. Labor Unions, 3. Government Employment." See Doc. No. 28. Plaintiff then attaches three pages of general information about employment discrimination law from an unknown source. Plaintiff has also filed an "Objection to Dismiss Any Defendants" (Doc. No. 30), which details a variety of allegations against defendants but again failing to respond to the specific arguments raised by defendants in their motions to dismiss. The Court finds this information non-responsive to the concerns raised by defendants.

**GRANTED.**

Finally, plaintiff has moved to dismiss his claims without prejudice (Doc. No. 27). No opposition to this motion has been filed. The Court **GRANTS** this motion (Doc. No. 27), and the Court **DISMISSES** the remaining claims against defendants Furman and Fisher Electric Company **WITHOUT PREJUDICE.**

### III. Conclusion

For all the foregoing reasons, (1) Defendant Kiewit's Motion to Dismiss (Doc. No. 15) is **GRANTED**; (2) Defendant Winchell's Motion to Dismiss (Doc. No. 18) is **GRANTED**; (3) Defendant Gavin Seeley's Motion to Dismiss (Doc. No. 23) is **GRANTED**; and (4) plaintiff's motion to dismiss claims without prejudice (Doc. No. 27) is **GRANTED** as to the claims against Furman and Fisher Electric Company.

It is further **ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to Plaintiff at the following address: Darryl L. Weber, 7001 N. Olive Apt. A, Kansas City, MO 64118.

**IT IS SO ORDERED.**

Date: <u>October 3, 2013</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge